UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lamar Hodges, Jr.,

        Plaintiff,

v.

Pfizer, Inc., Wyeth, LLC, and
Wyeth Consumer Healthcare, Inc.,

        Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 14-4855 ADM/TNL

_____

Connor G. Sheehan, Esq., Dunn Sheehan, LLP, Dallas, TX, and Elliot L. Olsen, Esq., PritzkerOlsen, PA, Minneapolis, MN, on behalf of Plaintiff.

Brandon Goodman, Esq., Goodell, DeVries, Leech & Dann, LLP, Philadelphia, PA, and Anna M. Petosky, Esq., Maslon LLP, Minneapolis, MN, on behalf of Defendants.

_____

## I. INTRODUCTION

This matter came before the undersigned United States District Court Judge on Defendants' Motion for Partial Dismissal [Docket No. 15]. For the reasons discussed below, Defendants' Motion is granted in part and denied in part.

## II. BACKGROUND

The medical condition giving rise to this lawsuit is undeniably horrific. Plaintiff Lamar Hodges, Jr. ("Hodges") ingested Advil when he was 16 years old and suffered a severe adverse drug reaction known as Stevens-Johnson Syndrome ("SJS") / Toxic Epideral Necrolysis ("TEN"). Compl. [Docket No. 1] ¶ 8. Severe blistering affected 35% of his body, leaving essentially no skin on his face, neck, scalp, trunk, back, buttocks, arms, and legs. Id. ¶ 10. Hodges spent over one month in the hospital and underwent numerous surgeries. Id. ¶¶11-12. As a result of SJS / TEN, Hodges is permanently disfigured, blind in one eye, and will likely lose

all sight in the future.  Id. ¶¶ 13-14.

Although Hodges' Complaint is comprised of 57 pages, Defendants argue that several claims are insufficiently pled.  Specifically, Defendants move to dismiss the following claims: (1) failure to warn (Counts I, VIII, IX); (2) manufacturing defect (Count III); (3) breach of express warranty (Count VII); (4) willful and wanton negligence (Count IX, in part); and (5) fraud-based claims (Counts IV, V, X, XI, XII and XIII).[1]  See Compl. 35-54.

### III.  DISCUSSION

#### A.  Motion to Dismiss Standard

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (citation omitted).  However, the factual allegations must "raise a right to relief above the speculative level," and push claims "across the line from conceivable to plausible."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In other words, the complaint must establish more than a "sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  In doing so, the court must draw reasonable inferences in the plaintiff's favor, but it need not make

---

[1] Hodges stipulates to dismissal of his implied warranty claim.  Pl.'s Mem. Opp. Mot. Dismiss [Docket No. 27] 7, fn 3.  Defendants do not move to dismiss Hodges' negligence claim. Compl. at 45.

unreasonable inferences or accept unrealistic assertions.  See Brown v. Medtronic, Inc., 628 F.3d 451, 461 (8th Cir. 2010).

### B. Manufacturing Defect Claim (Count III)

Defendants argue that Hodges' manufacturing defect claim should be dismissed because Hodges does not plausibly alleged that the Advil he ingested departed from the drug's intended design.  Hodges alleges that "[t]he product Advil manufactured, supplied, and/or sold by Defendants was defective in design or formulation in that when it left the hands of the manufacturers and/or sellers and (sic) was unreasonably dangerous in that its foreseeable risks exceeded the benefits associated with its design or formulation."  Compl. ¶ 95.  Hodges' broad allegations are insufficient to plead a manufacturing defect claim because he states only conclusions rather than facts that "raise a right to relief above the speculative level," and push claims "across the line from conceivable to plausible."  Bell Atl. Corp. 550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do."  Id. (internal quotations and citations omitted).

At oral argument, Hodges acknowledged that his manufacturing defect claim is in tension with his failure to warn, negligence and fraud-based claims.  Nevertheless, counsel argued he included the defect claim to secure relevant discovery before conceding that such a claim was not feasible.  This approach contracts federal pleading standards and cannot be allowed.  Should discovery reveal information that allows Hodges to plead additional facts related to a possible manufacturing defect claim, he may seek leave to amend at that time.  In the meantime, Hodges'

manufacturing defect claim is dismissed without prejudice. See Riley v. Cordis Corp., 625 F. Supp. 2d 769, 789 (D. Minn. 2009) (dismissing manufacturing defect claim because the plaintiff did "not allege any specific manufacturing failure").

### C. Willful and Wanton Negligence Claim (Count IX, in part)

Defendant moves to dismiss Hodges' willful and wanton negligence claim for failure to allege sufficient facts showing Hodges was in a position of peril. To state a claim for willful and wanton negligence, a plaintiff must show that the defendant "fail[ed] to exercise ordinary care after discovering another in a position of peril." Gage v. HSM Elec. Prot. Servs., Inc., 655 F.3d 821, 826 (8th Cir. 2011). To establish Defendants' failure to exercise ordinary care, Hodges must show that: (1) peril was present, and (2) the peril was known to Defendants, thereby raising their negligence to a higher level of willful and wanton. Ebert v. General Mills, Inc., 2014 U.S. Dist. LEXIS 123171, at *24 (D. Minn. Sept. 4, 2014).

Here, Hodges' specific allegations relating to his position of peril include his African-American race and his age of 16 years old. Hodges' Complaint includes a detailed history of incidents and circumstances that he alleges put Defendants on notice that certain populations, including young people and African Americans were more likely to suffer a SJS / TEN reaction from Advil. See Compl. ¶¶ 44-50, 53-55, 79 and 81. These allegations are sufficient to survive Defendants' 12(b)(6) motion.

### D. Remaining claims and Hodges' Motion to Amend

The remaining claims Defendants seek to dismiss include Hodges' failure to warn (Counts I, VIII, IX), breach of express warranty (Count VII) and fraud-based claims (Counts IV, V, X, XI, XII, XIII). At the hearing, Hodges indicated that he may have additional facts to plead

in support of these claims. Hodges also requested leave to amend his complaint in his response brief and at oral argument. Defendants oppose Hodges' request for leave to amend based on his failure to comply with Local Rule 15, which requires that a party file a copy of the proposed amended pleading, including a redlined version, with its motion. Minn. L.R. 15.1(b). Defendants also reserve the right to oppose Hodges' motion for leave to amend the Complaint.

Under these circumstances, the Court will defer ruling on Defendants' 12(b)(6) Motion on the remaining claims and allow Hodges seven (7) days to file a formal motion to amend. Hodges motion to amend must comply with the Local Rules and, as in the normal course, Defendants will have the opportunity to oppose the motion. Once the motion to amend is resolved, the Court will reconsider Defendants 12(b)(6) Motion to Dismiss the remaining claims.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 15] is **GRANTED in part** and **DENIED in part**, as follows:

- A. Defendants' Motion to Dismiss Hodges' manufacturing defect claim is **GRANTED** and the claim is **DISMISSED WITHOUT PREJUDICE;**

- B. Defendants' Motion to Dismiss Hodges' willful and wanton negligence claim is **DENIED**;

- C. Hodges' shall file a motion to amend within seven (7) days. The motion must comply with Local Rule 15; and

    D.    As stipulated by the parties, Hodges' breach of implied warranted claim is **DISMISSED WITH PREJUDICE.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 27, 2015.